IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

CASEY THOMAS HAVARD, #48179                          PLAINTIFF

v.                                    CIVIL NO.  1:20-cv-128-HSO-RPM

RANKIN COUNTY, MS, et al.                           DEFENDANTS

<u>ORDER DISMISSING PLAINTIFF'S COMPLAINT</u>

Before the Court is Plaintiff Casey Thomas Havard's ("Havard") pro se Complaint [1] as well as his Response [22] which asserts that his constitutional rights have been violated.  Pl.'s Compl. [1] at 4-5; Pl.'s Resp. [22] at 1-6.  Havard is a prisoner currently incarcerated with the Mississippi Department of Corrections ("MDOC") and is housed at the Central Mississippi Correctional Facility ("CMCF") in Pearl, Mississippi.  *See* Pl.'s Notice of Change of Address [23] at 1.  Havard names as Defendants Rankin County, MS; George County; Greene County, MS; Judge Dale Harkey; and John/Jane Does, Staff of (Rankin County MS) from C.M.C.F. Intake Receiving Area.  *See* Pl.'s Resp. [22] at 5.  Havard requests monetary damages and that his eight-year sentence, including probation, be deemed "ended."  Compl. [1] at 5-6.

I.  <u>BACKGROUND</u>

Havard indicates that on April 23, 2018, Defendant Judge Dale Harkey, Circuit Court Judge of George County, Mississippi, sentenced him to eight years in the custody of MDOC with five years to serve and three years on probation.  Compl. [1] at 5-6; Pl.'s Resp [22] at 1.  Havard's sentencing order "recommended him for the

Recidivism Reduction Program while in the custody of MDOC." *See Havard v. Fairly*, No. 1:20-cv-137-HSO-JCG, 2021 WL 909620, at *1 (S.D. Miss. Jan. 26, 2021), *R. & R. adopted*, No. 1:20-cv-137-HSO-JCG, 2021 WL 619375 (S.D. Miss. Feb. 17, 2021).   Havard complains that when he arrived at CMCF, instead of being placed in the Recidivism Reduction Program ("RRP"), he was housed in the "quick bed" area of CMCF in Rankin County for 95 days.  Compl. [1] at 5.  Havard states that he was subsequently placed in RRP and was later removed from the program for no reason.  *Id.*  After being removed from RRP, Havard was transferred to South Mississippi Correctional Institution ("SMCI") in Greene County.  *Id.*  On May 14, 2019, Havard was released from incarceration to begin serving his term of probation.  *Id.*  Havard claims that this probation is an "illegal sentence."[1]  *See id.* at 6; Pl.'s Resp. [22] at 6.  Havard seeks as relief monetary damages and that his sentence is found to be completed.  Compl. [1] at 5-6.

Havard complains that the trial court and George County did not comply with the sentencing order which violated his constitutional rights.  Pl.'s Resp. [22] at 1. He also claims that Defendant Rankin County violated his constitutional rights "by simply not supporting the Plea agreement from the tr[ia]l court" when he arrived at the CMCF.  Pl.'s Resp. [22] at 3.  As for his claims against Defendant Greene County, Havard asserts that this Defendant incarcerated him an additional nine months because of the delay in placing him in RRP.  Pl.'s Resp. [22] at 3.  Havard's

---

[1]Havard is now incarcerated because his probation was revoked by the sentencing court on June 26, 2020.  *Havard*, 2021 WL 909620, at * 2.

complaints concern the failure to place him in RRP once he arrived at CMCF.  *Id*. at
5.

## II.  ANALYSIS

A.   The Prison Litigation Reform Act of 1996 ("PLRA"), 28 U.S.C. § 1915

Havard is proceeding *in forma pauperis* in this case.  Order [9] at 1. The
PLRA, also referred to as the *in forma pauperis* statute, mandates dismissal "at any
time" if the Court determines an action "is frivolous or malicious; fails to state a
claim on which relief may be granted; or seeks monetary relief against a defendant
who is immune from such relief."  28 U.S.C. § 1915 (e)(2)(B)(i-iii).  Because Havard
is proceeding as a pauper, § 1915(e)(2) applies to this case.  *See* Order [9] at 1.

B.   Havard's § 1983 claims

1.   Havard's § 1983 claims against Defendant Judge Dale Harkey

Havard cannot maintain this § 1983 civil action against Judge Harkey
because this Defendant enjoys absolute immunity.  *See Hulsey v. Owens*, 63 F.3d
354, 356 (5th Cir. 1995) ("[a]bsolute immunity is immunity from suit rather than
simply a defense against liability, and is a threshold question 'to be resolved as
early in the proceedings as possible'") (quoting *Boyd v. Biggers*, 31 F.3d 279, 284
(5th Cir. 1994)).  Judge Harkey has absolute immunity from suit when performing
acts within his judicial capacity.  *See Boyd*, 31 F.3d at 284.  Claims of bad faith,
malice, and corruption do not overcome absolute judicial immunity.  *See Mireles v.
Waco*, 502 U.S. 9, 11 (1991) (citations omitted).  Nor will a judge be deprived of

immunity because the action he took was in error or in excess of his authority.  *See Stump v. Sparkman*, 435 U.S. 349, 356 (1978).

Judicial immunity can be overcome only by showing that the actions complained of were non-judicial in nature, or by showing that the actions were taken in the "clear absence of all jurisdiction."  *Id.* at 356–57.  In determining whether a judge acted within the scope of his judicial capacity, the court considers four factors:

> (1) whether the precise act complained of is a normal judicial function;
> (2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers;
> (3) whether the controversy centered around a case pending before the court; and
> (4) whether the acts arose directly out of a visit to the judge in his official capacity.

*Ballard v. Wall,* 413 F.3d 510, 515 (5th Cir. 2005) (citing *Malina v. Gonzales*, 994 F.2d 1121, 1124 (5th Cir. 1993)).

Havard complains that Defendant Judge Harkey "overlooked [his] motion for judicial review."  Pl.'s Resp. [22] at 4.  One of the classic judicial actions of a judge is ruling on motions.  Havard's allegations demonstrate that the actions of  Judge Harkey were "judicial in nature" and that he was acting within the scope of his judicial capacity.  *See Ballard*, 413 F.3d at 517.  Havard does not assert that Judge Harkey lacked jurisdiction to preside over his criminal proceedings, including post-conviction motions, in the Circuit Court for George County.  *See* Miss. Code Ann.

§ 9-7-81 (circuit court has original jurisdiction over state felony prosecutions).
Judge Harkey therefore is entitled to absolute immunity from the claims asserted in
this case, and Havard's claims against him will be dismissed as frivolous.  *See Boyd*,
31 F.3d at 285 (finding that Section 1983 claims against state judge were "properly
dismissed with prejudice as frivolous[,]" where inmate did "not complain of any
actions taken by [the judge] that were nonjudicial in nature").

2.    Havard's § 1983 claims against Defendants Rankin County,
      George County, and Greene County

Havard may pursue a § 1983 civil action against a governmental entity such
as Rankin County, George County, and Greene County when the injury he suffered
was caused by that County's unconstitutional policies, practices, or customs.  *See
Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978).  The record is clear that
Havard names these Defendants merely because CMCF is located in Rankin
County, SMCI is located in Greene County, and the sentencing court is located in
George County.  *See* Compl. [1] at 4-5; Pl.'s Resp. [22] at 1-6.  There are no specific
allegations against these Defendants, nor are there any claims of unconstitutional
policies, practices, or customs that caused a violation of Havard's constitutional
rights.  *Id*.  Havard's § 1983 claims against these Defendants are frivolous and
cannot be maintained in this § 1983 civil action.

3.    Havard's § 1983 claims relating to his 2018 sentence

Nor is Havard's claim that he is serving an illegal sentence actionable in this
§ 1983 case.  In *Heck v. Humphrey*, 512 U.S. 477 (1994), "the Supreme Court held

that if a plaintiff's civil rights claim of damages challenges the validity of his criminal conviction or sentence, and the plaintiff cannot show that such conviction or sentence has been reversed, invalidated, or otherwise set aside, the claim is not cognizable under § 1983." *Magee v. Reed*, 912 F. 3d 820, 822 (5th Cir. 2019) (citing *Heck*, 512 U.S. at 486-87). *Heck* applies with equal force to claims relating to probation. *See Cougle v. Cnty. of DeSoto, Miss.*, 303 F. App'x 164, 165 (5th Cir. 2008) ("*Heck* applies to proceedings that call into question the fact or duration of probation.").

"*Heck* requires the district court to consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Ballard v. Burton*, 444 F.3d 391, 396 (5th Cir. 2006) (internal quotation marks omitted). "This requirement or limitation has become known as the 'favorable termination rule.'" *Id.* (quoting *Sappington v. Bartee*, 195 F.3d 234, 235 (5th Cir. 1999)).

Because success on Havard's claims related to his sentence would call into question the validity of that sentence, including the fact or duration of probation, and because Havard has not established that this sentence has met the favorable-termination rule of *Heck*, he cannot maintain this claim against any Defendant, and it must be dismissed with prejudice as frivolous and for failure to state a claim "until the *Heck* conditions are met." *See Randell v. Johnson,* 227 F.3d 300, 301 (5th Cir. 2000) (finding *Heck*-barred claims fail to state a claim upon which relief may be

granted); *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996) (holding that *Heck*

claims are to be dismissed with prejudice "until the *Heck* conditions are met");

*Hamilton v. Lyons*, 74 F.3d 99, 103 (5th Cir. 1996) (finding *Heck*-barred claims are

legally frivolous).

4.   Havard's § 1983 claims relating to being placed in RRP

Havard does not have a constitutionally protected right to rehabilitation

programs.  *See Moody v. Doggett*, 429 U.S. 78, 88 n.9 (1976)  (prisoner eligibility for

rehabilitation programs are not subject to due process protections).  RRP is such a

program.[2]  To the extent Havard is asserting that the state court sentencing order

created a liberty interest in his classification level or placement in the RRP, this

claim is without merit.  *See Thomas v. Jordan*, No. 07-60071, 2008 WL 4649095, at

*1 (5th Cir. 2008) (affirming the district court's holding that the state court

sentencing order did not create a liberty interest in plaintiff's classification).  The

state court sentencing order committed Havard to MDOC custody and

recommended that he be placed in RRP.  *See Havard*, 2021 WL 909620, at *1.

Havard's complaint that he was not immediately placed in RRP and was later

removed from that program does not establish that Havard was deprived of a

---

[2]RRP replaced MDOC's Regimented Inmate Discipline ("RID") program.  "The new program . . . will include Thinking for a Change, a cognitive behavioral therapy model that has been proven to be effective in changing criminological thinking patterns." *See* MDOC Replacing RID Program, (Apr. 13, 2016), https://www.mdoc.ms.gov/News /PressReleases/MDOC%20Replacing%20RID%20Program.pdf.   The RID program was discontinued when the Mississippi Legislature amended the statute, Miss. Code Ann. § 47-5-110.2, and directed that no person sentenced to MDOC custody would be ordered to the RID program by any court of this state, *Cook v. State*, 301 So. 3d 766, 769  n.1 (Miss. Ct. App. 2020), *cert. denied*, 302 So. 3d 647 (Miss. 2020).

constitutional right.  In this regard, Havard fails to state a claim upon which relief may be granted.  *See Thomas*, 2008 WL 4649095, at *1.

C.   Havard's request for habeas relief

To the extent Havard is challenging the validity of his eight-year sentence, *see* Compl. [1] at 6, he must pursue such relief through a petition for writ of habeas corpus, *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (holding that habeas corpus provides the exclusive federal remedy available to a state prisoner challenging the fact or duration of his conviction and sentence).  When possible, the Court should separate habeas and § 1983 claims into separate civil actions.  *Serio v. Members of Louisiana State Bd. of Pardons*, 821 F.2d 1112, 1119 (5th Cir. 1987).  However, because the allegations here do not establish that Havard has exhausted his state court remedies, *see* 28 U.S.C. § 2254(b)(1)(A), the Court will not separate the habeas claims.  The Court will instead direct the Clerk to mail to Havard forms used to file a petition for habeas relief in the event that he decides to pursue a habeas challenge to his eight-year state court sentence.

III.  CONCLUSION

Havard's § 1983 claims will be dismissed as frivolous and for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).  *See Randell,* 227 F.3d at 301 (finding *Heck*-barred claims fail to state a claim upon which relief may be granted); *Thomas*, 2008 2L 4649095, at *1 (finding that the district court's dismissal for failure to state a claim was correct); *Hamilton*, 74 F.3d at 103 (finding *Heck*-barred claims are legally frivolous); *Boyd*, 31 F.3d at 285 (finding that Section 1983 claims

against state judge were "properly dismissed with prejudice as frivolous").[3]  His

habeas claims will be dismissed without prejudice.

IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Plaintiff Casey

Thomas Havard's 42 U.S.C. § 1983 claims in this case are **DISMISSED WITH

PREJUDICE** as frivolous and for failure to state a claim pursuant to 28 U.S.C.

§1915(e)(2)(B)(i)-(ii).

IT IS, FURTHER ORDERED** that, Plaintiff Casey Thomas Havard's

habeas claims are dismissed **WITHOUT PREJUDICE**.

IT IS, FURTHER ORDERED** that, the Clerk is directed to mail to Plaintiff

Casey Thomas Havard forms used to file a petition for habeas relief from a state

court judgment.

SO ORDERED AND ADJUDGED**, this the 27th day of April, 2022.

*s/ Halil Suleyman Ozerden*

HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE

---

[3] *See Colvin v. LeBlanc*, 2 F.4th 494, 498  (5th Cir. 2021) (reiterating that *Heck* does not pose a jurisdictional bar, explaining, "[w]e have routinely characterized a *Heck* dismissal as one for failure to state a claim"); *Davis v. Whyce*, 763 F. App'x 348, 349 (5th Cir. 2019) (citing *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996) (finding inmate's § 1983 "claims are frivolous as barred by *Heck v. Humphrey*")).